SUMMARY ORDER

Petitioner Le Ping Huang, a native and citizen of China, seeks review of the August 13, 2008 order of the BIA affirming the February 12, 2007 decision of Immigration Judge (“IJ”) Vivienne E. Gordon-Uruakpa denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Le Ping Huang, No. A 97 660 875 (B.I.A. Aug. 13, 2008), affg No. A 97 660 875 (Immig. Ct. N.Y. City Feb. 12, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA affirms the IJ’s decision in some respects but not others, and supplements the IJ’s decision, we review the IJ’s decision as supplemented and modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005); Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
The record does not support the agency’s determination that a fundamental change in circumstances occurred in China after Huang’s departure that was sufficient to rebut any presumption that Huang has a well-founded fear of persecution if returned there. See 8 C.F.R. § 1208.13(b)(1). Huang was entitled to such a presumption because the BIA concluded that he had suffered past persecution. See id. In finding that any presumption of a well-founded fear of future persecution was rebutted, the BIA observed that the 2006 International Religious Freedom Report on China (“2006 Report”) stated that in China: (1) eight percent of the population are Buddhists; (2) Buddhism is the organized religion with the largest number of followers; (3) there are over 16,000 Buddhist temples; (4) although the government’s tolerance for religion is “poor,” it is particularly so for members of unregistered religious groups; and (5) the government’s tolerance for Buddhism is considered greater than that for Christianity. In his brief before this Court, Huang argues that this is not an indication of a “fundamental” change in country conditions. We agree. As Huang notes, although the 2006 Report states that Buddhism is an organized religion and its followers face fewer restrictions as compared with other religions, this information' *277 is not evidence that the Chinese government’s treatment of Buddhists has changed since 2002, when Huang fled China after having been persecuted. When the agency’s analysis is lacking, “the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.” Gonzales v. Thomas, 547 U.S. 183, 186, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006). Here, although the BIA may well find on remand that Huang is ineligible for relief on' some other basis, we cannot be confident that it will again reach the same conclusion. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 335 (2d Cir.2006) (finding that remand is futile only when reviewing court can “confidently predict” that the IJ would reach the same decision absent the errors that were made). Accordingly remand is appropriate. See Alibasic v. Mukasey, 547 F.3d 78, 84-87 (2d Cir.2008).
Finally, because Huang does not challenge in his brief to this Court the denial of his application for CAT relief, our decision expresses no opinion as to the denial of that relief. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).